IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL A. ROSBERG, | ) | 4:12CV3221 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFF JACOBSEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's[1] Notice of Removal and Motion to Dismiss. (Filing Nos. 1 and 9.) Also pending is Plaintiff Paul Rosberg's ("Rosberg") "Motion to Transfer Case Back to Cedar County." (Filing No. 7.) For the reasons explained below, the court finds that Defendant properly removed this matter to this court, and also finds that this case must be dismissed because this court does not have jurisdiction to hear the case.

## I. BACKGROUND

Rosberg filed a complaint in the District Court of Cedar County, Nebraska, on September 24, 2012, against Jeff Jacobsen ("Jacobsen"). (Filing No. 1-1 at CM/ECF pp. 1-3.) Generally, Rosberg alleges that Jacobsen, a federal employee, made false statements about Rosberg within a United States Department of Agriculture ("USDA") report. (*Id.*) Rosberg alleges that these false statements resulted in the

---

[1] On October 31, 2012, the United States of America substituted itself as Defendant for Jeff Jacobsen pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States shall be the exclusive remedy for persons with claims from allegedly negligent or wrongful actions of federal employees taken within the scope of their employment). In light of this substitution, the court will direct the clerk's office to update the Docket Sheet to reflect that the United States of America is the sole defendant in this matter.

federal government suspending the assignment of inspectors to his meat processing facility in Randolph, Nebraska. (*Id.* at CM/ECF pp. 1-4.)

Defendant removed the state-court action to this court on October 31, 2012. (Filing No. 1.) Along with the Notice of Removal, Defendant filed a certification by the United States Attorney that Jacobsen was acting within the scope of his employment at the time of the incident out of which Rosberg's claim arose. (Filing No. 1-2.) Jacobsen stated in the Notice of Removal that removal of the state-court action was required under 28 U.S.C. § 2679(d)(2), which states that a state-court action "shall be removed" upon a scope-of-employment certification by the Attorney General. (Filing No. 1 at CM/ECF p. 2.)

Rosberg filed a "Motion to Transfer Case Back to Cedar County" (Filing No. 7), on November 19, 2012. Thereafter, on December 6, 2012, Defendant filed a Motion to Dismiss. (Filing No. 9.) Rosberg did not respond to Defendant's Motion to Dismiss, and the time in which to do so has now passed. In this Memorandum and Order, the court will first take up Defendant's "Motion to Transfer Case Back to Cedar County" (Filing No. 7), and then address Defendant's Motion to Dismiss (Filing No. 9).

## II. MOTION TO TRANSFER CASE TO STATE COURT

Rosberg has moved the court to transfer this matter back to the state district court. (Filing No. 7.) In support of the Motion, Rosberg argues that Defendant's basis for removal does not apply because Jacobsen was not acting within the scope of his employment when he made the false statements. (*Id.* at CM/ECF p. 1 ("[I]t is not his job to make written false statements that he knows are false in an attempt to destroy someone's business . . .").)

The Westfall Act, an amendment to the Federal Tort Claims Act, requires removal of a civil action commenced in state court if the Attorney General certifies that the defendant was acting within the scope of his employment. 28 U.S.C. § 2679(d)(2). The statute unequivocally states that the Attorney General's certification "shall conclusively establish scope of office or employment for purposes of removal." Id.; Osborn v. Haley, 549 U.S. 225, 241 (2007) ("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted.").

Here, the United States Attorney for the District of Nebraska, exercising the authority given to her by the United States Attorney General, certified that Jacobsen was acting within the scope of his employment at the time of the incident out of which Rosberg's claim arose. (Filing No. 1-2.) This certification "renders [this court] exclusively competent and categorically precludes a remand to the state court." Osborn, 549 U.S. at 243. Accordingly, Plaintiff's "Motion to Transfer Case Back to Cedar County" (Filing No. 7) will be denied.

### III. MOTION TO DISMISS

Defendant moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the court lacks jurisdiction over the subject matter of the action. (Filing No. 9.) The court agrees with Defendant and, for the reasons discussed below, it will dismiss this matter.

A.  **Standard for Dismissal**

The burden of establishing subject matter jurisdiction falls on the plaintiff. Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006). A party challenging subject matter jurisdiction under Rule 12(b)(1) may mount either a facial or factual attack to the court's jurisdiction. Id. at 729-31. On a facial attack, the court limits its

3

consideration to the allegations of the complaint. *Id.* at 729. On a factual attack, the court may consider matters outside of the pleadings that relate to the existence of subject matter jurisdiction without converting the motion to one for summary judgment. *Id.* Here, Defendant has offered the declaration of Sheila Fant (Filing No. 10-1) in support of its Motion to Dismiss. Thus, it has raised a factual attack because it has relied on matters outside the pleadings.

**B.     Discussion**

Defendant argues that this court lacks subject-matter jurisdiction to consider this case because Rosberg did not submit an administrative tort claim to the USDA concerning the incident out of which his claim arose. (Filing No. 11 at CM/ECF p. 8.) Rosberg did not respond to Defendant's argument or, more generally, the Motion to Dismiss.

The Federal Tort Claims Act at Title 28 U.S.C. § 2675 provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a). Stated another way, the Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeill v. United States*, 508 U.S. 106, 110-12 (1993) ("The most natural

reading of [section 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, Rosberg does not allege that he complied with the administrative requirements of the Federal Tort Claims Act prior to filing this action. Moreover, once the issue of the court's subject-matter jurisdiction was raised by Defendant, Rosberg made no attempt to establish that this court has subject-matter jurisdiction over this action. *See* Jones, 470 F.3d at 1265 ("A plaintiff has the burden of establishing subject matter jurisdiciton."). In addition, Defendant submitted the declaration of Sheila Fant, whose job responsibilities include coordinating the receipt and consideration of administrative tort claims filed with the USDA pursuant to the Federal Tort Claims Act. (Filing No. 10-1 at CM/ECF p. 1.) Sheila Fant declared that she searched for any administrative tort claims filed by Rosberg, his wife, or on behalf of his meat processing facility, and found none. (*Id.*) For these reasons, the court finds that it lacks subject matter jurisdiction over this matter. Accordingly, the court will dismiss this case without prejudice.

IT IS THEREFORE ORDERED that:

1. The clerk's office is directed to update the Docket Sheet to reflect that the United States of America is the sole Defendant in this matter.

2. Rosberg's "Motion to Transfer Case Back to Cedar County" (Filing No. 7) is denied.

3. Defendant's Motion to Dismiss (Filing No. 9) is granted.

4. Rosberg's Complaint is dismissed in its entirety without prejudice.

5

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of April, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.